## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                    Case No. 4:17-cr-00159-01 KGB

JUAN CARLOS RIVERA                                                                          DEFENDANT

### ORDER

On June 18, 2017, defendant Juan Carols Rivera was indicted on one count of possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Dkt. No. 7).  On Augst 30, 2018, pursuant to a written plea agreement, Mr. Rivera pled guilty to the count charged in the indictment (Dkt. Nos. 60–62).  The Court sentenced Mr. Rivera on January 22, 2109, to 240 months of imprisonment in the Bureau of Prisons and entered judgment that same day (Dkt. Nos. 83–85).[1]  Mr. Rivera did not appeal the judgment to the United States Court of Appeals for the Eighth Circuit.

I.   **Background**

On June 16, 2020, and September 9, 2020, Mr. Rivera filed what the Court construes as requests for extensions of time to file a petition pursuant to 28 U.S.C. § 2255 (Dkt. Nos. 92, 93).  In his June 16, 2020, filing, Mr. Rivera indicates that he has been "trying to file a 2255 (ineffective counsel)" motion (Dkt. No. 92).  In an Order dated October 13, 2020, the Court determined that, at that time, on the record before it, it could not make an informed determination with respect to whether equitable tolling should apply to Mr. Rivera's June 16, 2020, filing (Dkt. No. 95, at 5).

---

[1] At the time Mr. Rivera was sentenced, the Honorable Leon Holmes presided over this case.  The case was reassigned after Judge Holmes's retirement (Dkt. No. 88).

The Court extended until January 29, 2021, the time for Mr. Rivera to file a supplement to his motions for extension of time and to address "factors that impact this Court's analysis of whether equitable tolling should apply under these circumstances." (*Id.*).  The Court held under advisement Mr. Rivera's motions to extend time to file (Dkt. Nos. 92, 93).  The Court also advised Mr. Rivera that, if he chose to do so, he must supplement his § 2255 petition alleging ineffective assistance of counsel by January 29, 2021 (Dkt. No. 95, at 5).

Before the Court are Mr. Rivera's supplement to his requests for extension of time to file a petition pursuant to § 2255 (Dkt. No. 97) and Mr. Rivera's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dkt. No. 98).  The Court grants Mr. Rivera's motions for extension of time to file a § 2255 petition out of time, permits Mr. Rivera to file his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, and will consider the arguments raised in the supplements to Mr. Rivera's requests for extension of time in assessing whether the statute of limitations should be equitably tolled (Dkt. Nos. 92, 93, 98).  In his § 2255 petition Mr. Rivera asserts claims of ineffective assistance of counsel (Dkt. No. 98, at 4–5).  The United States has responded in opposition to the petition (Dkt. No. 110).  For the following reasons, the Court denies Mr. Rivera's § 2255 petition.[2]

---

[2] The Court finds that an evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Mr. Rivera] is entitled to no relief." 28 U.S.C. § 2255(b).

## II. Statute Of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year period of limitation from the date the judgment of conviction becomes final.[3] 28 U.S.C.A. § 2255. When a convicted person appeals a conviction, the conviction becomes final when the Supreme Court affirms the conviction on direct review or denies a petition for writ of *certiorari*, or when the time for filing a *certiorari* petition expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). If a convicted person does not file a notice of appeal, as was the case here, the conviction becomes final when the period for filing a notice of appeal expires, which in this case was 14 days after entry of the judgment. *See* Fed. R. App. P. 4(b)(1)(A).

The Court entered its judgment in this case on January 22, 2019 (Dkt. No. 85). Mr. Rivera's time for filing a notice of appeal expired 14 days later on February 5, 2019. Accordingly, the time for Mr. Rivera to file a motion to vacate, set aside, or correct his sentence expired on February 5, 2020. Mr. Rivera did not file his first motion for extension of time to file a § 2255 petition until June 16, 2020, well after the time to file a timely § 2255 petition expired (Dkt. No. 92). Mr. Rivera filed his second motion for extension of time on September 9, 2020, and a supplement to the motions for extension of time on December 7, 2020 (Dkt. Nos. 93, 97). Mr. Rivera did not file a signed § 2255 petition until December 22, 2020 (Dkt. No. 98). Mr. Rivera's petition is barred by the statute of limitations unless equitable tolling applies.

---

[3] The later dates from which the one-year period of limitations sometimes may run are not in issue here. *See* 28 U.S.C. § 2255(f)(2)-(4).

In habeas proceedings, equitable tolling is appropriate where "extraordinary circumstances" beyond a prisoner's control prevent timely filing.[4] *Jihad v. Hvass,* 267 F.3d 803, 805 (8th Cir. 2001). "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." *United States v. Martin,* 408 F.3d 1089, 1095 (8th Cir. 2005).

After reviewing carefully the circumstances of Mr. Rivera's case, the Court concludes that he has not met his burden to establish equitable tolling. In his supplement to his motions for extension of time, Mr. Rivera states that "in January" he contracted COVID-19, that it took him nearly two months to recuperate, and that shortly after that the facility was on complete lockdown (Dkt. No. 97, at 1). Mr. Rivera provides a memorandum from Case Manager L. Montgomery at the Federal Correctional Complex in Yazoo City, Mississippi ("the Facility"), confirming that the Facility has been in lockdown without access to the law library for inmates to work on their cases from somewhere around March 15, 2020, until the date of his memorandum, December 2, 2020 (Dkt. No. 97, at 3). Mr. Rivera also provides a COVID-19 pandemic memorandum for the inmate population from the Director of the Bureau of Prisons ("BOP") stating that the BOP did not have its first positive inmate case until March 21, 2020 (Dkt. No. 97, at 4). It is unclear from the record before the Court how COVID-19 could have prevented Mr. Rivera from filing a timely § 2255 petition because the statute of limitations for Mr. Rivera to file his petition expired on February 5, 2020, a little over a month before a case of COVID-19 was reported at any BOP facility and before the lockdown at the Facility where Mr. Rivera was housed which would have prevented him from

---

[4] Equitable tolling is also appropriate where conduct of the defendant "lulled the plaintiff into inaction," a circumstance not asserted by Mr. Rivera in this case. *See Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied,* 534 U.S. 863 (2001).

accessing the law library. Further, all of the information on which Mr. Rivera's petition is based has been available to Mr. Rivera since the time the Court entered its judgment in his case on January 22, 2019.

In *Taylor v. United States*, the federal district court assumed COVID-19 is an extraordinary circumstance that could warrant equitable tolling in certain circumstances. Case No. 4:20-cv-1489, 2021 WL 1164813 (E.D. Mo. March 26, 2021), *reconsideration denied*, 2021 WL 2142461 (E.D. Mo. May 26, 2021) (28 U.S.C. § 2255 case) (citing *United States v. Haro*, Case No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020)). However, the court concluded that the petitioner in that case "offer[ed] no explanation for how the pandemic impeded his ability to pursue his rights." *Id*. at *3. Although he stated that he had been unable to access the law library during the COVID-19 lockdowns, the court noted that "pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Id*. (citations omitted).

Similarly, Mr. Rivera has failed to explain how COVID-19 impeded his ability to pursue his rights. Mr. Rivera has failed to present any proof of extraordinary circumstances beyond his control that prevented him from timely filing his petition. *See Shoemate v. Norris*, 390 F.3d 595 (8th Cir. 2004) (determining that a lack of legal resources, such as access to a law library, does not typically warrant equitable tolling). Further, the Clerk of the Court for the United States District Court, Eastern District of Arkansas, has continued to accept filings throughout the pandemic. *See e.g., United States v. Turner*, Case No. 6:18-cr-60015, 2021 WL 4256304 (E.D. Ark. August 11, 2021), *report and recommendation adopted*, 2021 WL 4255637 (E.D. Ark. September 17,

2021) (28 U.S.C. § 2255 case).  Mr. Rivera has failed to demonstrate diligence in pursuing this matter.

Mr. Rivera's § 2255 petition is barred by the applicable statute of limitations, and the Court determines, based on the record before it, that equitable tolling does not apply.

### III. Ineffective Assistance Of Counsel

Even if Mr. Rivera's motion to vacate, set aside, or correct his sentence is not barred by the statute of limitations, his § 2255 petition lacks merit.  Mr. Rivera explains in his supplement to his requests for extension of time to file a petition pursuant to § 2255 that he had two attorneys representing him in this case (Dkt. No. 97).  Mr. Rivera asserts that he sent a letter to Judge Holmes attaching faxes that he sent to his first attorney, Theodis Thompson, complaining that he was being misrepresented by Mr. Thompson and that when Mr. Thompson found out that Mr. Rivera had written Judge Holmes, Mr. Thompson no longer wanted to represent him (Dkt. No. 97, at 1).  Additionally, Mr. Rivera claims that Mr. Thompson "refused to address, duress I underwent through, all these years but it all originated from the negligence of the FBI in 2004." (*Id.*).  For his second ineffective assistance of counsel claim, Mr. Rivera asserts that he called his newly assigned attorney after sentencing to have her file an appeal, but she never answered his call (Dkt. No. 97, at 2).  Mr. Rivera contends that he left messages but could never contact her and so was "stripped of my due process right" (*Id.*).

In his § 2255 petition, Mr. Rivera references submitting a memorandum with points and authorities in a separate packet (Dkt. Nos. 4-5, 8).  The Court received filings that were placed under seal and that are a part of the record in this case (Dkt. No. 99).  Having reviewed all of his filings, including those under seal, the Court determines that the essence of Mr. Rivera's argument

is set forth in his supplement to his requests for extension of time and in arguments made in open Court at his plea and sentencing hearings (Dkt. No. 97).

### A. Legal Standard

"A defendant who claims that he received ineffective assistance of trial counsel has the burden to show both that counsel's performance was deficient – *i.e.*, that 'the identified acts or omissions were outside the wide range of professionally competent assistance' despite the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' – and that the defendant suffered prejudice – *i.e.*, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Sanders v United States*, 341 F.3d 720, 721-22 (8th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 689-90, 694 (1984)). In the context of a guilty plea, Mr. Rivera needs to show that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. *United States v. Wilson*, 114 Fed. App'x. 770 (8th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Mr. Rivera also needs to overcome "strong presumptions" of counsel's competence and the voluntariness of his guilty plea based on his representations during the plea colloquy. *Id.* (citing *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)).

### B. Analysis

Mr. Rivera has not overcome the strong presumptions of competence and the voluntariness of his guilty plea based on his representations during the plea colloquy. The plea agreement Mr. Rivera signed set forth the elements of the offense, the statutory penalties, and the applicable United States Sentencing Guidelines. In the plea agreement, Mr. Rivera affirmed that he read the plea agreement and carefully reviewed it with his attorney, understood and voluntarily agreed to

7

its terms, understood his rights with respect to the sentencing guidelines, that no other promises or inducements were made, that he was not threatened or forced to enter into the agreement, that he entered into the agreement "consciously and deliberately, by [his] free choice, and without duress, undue influence or otherwise being forced or compelled to do so . . .," and that he was satisfied with the representation of his attorney in this case (Dkt. No. 61, ¶ 17(A)).  At the change of plea hearing, Mr. Rivera affirmed that he had fully discussed the case with Mr. Thompson.  After the government summarized the proof and after a discussion with Mr. Thompson and the Court, Mr. Rivera affirmed the elements of the offense.  Mr. Rivera went on to affirm that he had discussed the coercion defense with Mr. Thompson and understood that, if he plead guilty and his plea was accepted, he would be giving up that defense.  Mr. Rivera affirmed that, after discussing it with Mr. Thompson, he was choosing to give up that defense and plead guilty.[5]  Further, Mr. Rivera affirmed that he was making the plea voluntarily and without any threats, intimidation, or physical violence.  Mr. Rivera affirmed that he signed the plea agreement voluntarily.

At the sentencing hearing, Judge Holmes afforded Mr. Rivera another opportunity to withdraw his plea based on correspondence that he had received from Mr. Rivera and on the discussion that had occurred during the change of plea hearing.  Both Mr. Rivera and his newly appointed counsel, Lea Ellen Fowler, indicated to Judge Holmes that Mr. Rivera did not have a coercion defense and did not wish to change his plea.

Mr. Rivera mentioned in correspondence to the Court a failure of Mr. Thompsons to catch what Mr. Rivera considered to be errors in the presentence report.  Judge Holmes addressed this with Mr. Rivera at the sentencing hearing.  Mr. Rivera stated that, after reviewing the presentence

---

[5] At the sentencing hearing, the Assistant United States Attorney stated that the plea hearing was the first time that she ever heard about Mr. Rivera's possible claim of duress.

report with Ms. Fowler, Mr. Rivera no longer had changes to it. Ms. Fowler did not object to the presentence report on Mr. Rivera's behalf at the sentencing hearing. The Court adopted the presentence report as the Court's findings of fact in the case. Ms. Fowler argued for a sentence at the low end of the guideline range based, in part, on Mr. Rivera's assertion of external pressures. Mr. Rivera affirmed that he was satisfied with the work that had been done in this case on his behalf by Ms. Fowler at the sentencing hearing.

In his petition, Mr. Rivera asserts that Ms. Fowler was constitutionally ineffective because she failed to file an appeal on his behalf (Dkt. No. 97, at 2). In the United States' response to the petition, it attaches the affidavit of Ms. Fowler stating that her records do not show any phone calls or voicemails from Mr. Rivera after his sentencing date requesting that she file an appeal on his behalf (Dkt. No. 110-1, at 1). Ms. Fowler states that, if she had received such a call or message, she would have called the jail or gone to the jail to discuss it with him (*Id.*).

Though a *pro se* § 2255 petition is to be liberally construed, the petition must assert facts regarding counsel's performance. *Saunders v. United States*, 236 F.3d 950, 952–53 (8th Cir. 2001). Vague and conclusory allegations, unsupported by specific facts, are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255), *cert. denied*, 479 U.S. 965 (1986); *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel); and *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). Other than his suggestion that Ms. Fowler should have filed an appeal, Mr. Rivera does not identify any motions that either of his attorneys could or should have filed on his behalf. The United States

has submitted evidence to establish that Mr. Rivera did not request that Ms. Fowler file an appeal on his behalf. Accordingly, Mr. Rivera's unsupported allegations are insufficient to support a claim of ineffective assistance of counsel for failure to file an appeal.

Further, Mr. Rivera has not established prejudice. As a result of the plea agreement in this case, the government did not seek a mandatory minimum sentence of life pursuant to 21 U.S.C. § 851, and Mr. Rivera became eligible for a two-point reduction for acceptance of responsibility with the possibility of a third point reduction, which Mr. Rivera received in this case (Dkt. No. 61, at 4). Mr. Rivera has not shown that, but for any error by counsel, he would not have plead guilty and would have insisted on going to trial. *United States v. Wilson*, 114 Fed. App'x. 770 (8th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In sum, Mr. Rivera fails to identify any acts or omissions of his counsel that were outside the wide range of professionally competent assistance, and he fails to provide any evidence that he did not understand the consequences of his plea.

### IV. Motion For Status Update

Before the Court is Mr. Rivera's motion for status update (Dkt. No. 113). The Court grants the motion. The Clerk of the Court is directed to send Mr. Rivera a copy of the docket sheet along with a copy of this Order.

### V. Supplement To The Petition

In his most recent filing, which the Court understands is intended to supplement his time-barred § 2255 petition, Mr. Rivera raises an issue about criminal defendants being held responsible for methamphetamine actual versus methamphetamine mixture and an issue about drug quantity (Dkt. No. 114). In this case, the indictment charges Mr. Rivera with "a mixture or substance containing a detectable amount of methamphetamine," not methamphetamine actual (Dkt. No. 7,

at 1). Further, nothing in the plea agreement indicates that Mr. Rivera was held responsible for methamphetamine actual; he entered a guilty plea to the count in the indictment which charged a mixture of methamphetamine (Dkt. No. 61, at 1).

To the extent that Mr. Rivera intends to raise through this filing any other arguments with respect to his sentencing hearing, as explained in this Order, no objections were raised by Mr. Rivera to the presentence report at the sentencing hearing. Judge Holmes addressed with Mr. Rivera at the sentencing hearing Mr. Rivera's correspondence to the Court alleging a failure of Mr. Thompsons to catch what Mr. Rivera considered to be errors in the presentence report. After that discussion on the record, Mr. Rivera stated that, after reviewing the presentence report with Ms. Fowler, Mr. Rivera no longer had changes to it. Ms. Fowler did not object to the presentence report on Mr. Rivera's behalf at the sentencing hearing. The Court adopted the presentence report as the Court's findings of fact in the case.

Mr. Rivera's § 2255 petition is time barred, and even if this Court were to consider the merits of his petition, his unsupported allegations are insufficient to support a claim of ineffective assistance of counsel.

## VI. Certificate Of Appealability

A certificate of appealability is warranted when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Mr. Rivera must show "reasonable jurists would find [this Court's] assessment of the constitutional claim[] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Rivera has not demonstrated ineffective assistance of counsel related to his guilty plea. The Court denies a certificate of appealability.

## VII. Conclusion

The Court grants Mr. Rivera's *pro se* motions for extension of time to file § 2255 petition and denies Mr. Rivera's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody (Dkt. Nos. 92, 93, 98). The Court denies a certificate of appealability. The Court grants Mr. Rivera's motion for status update (Dkt. No. 113). The Clerk of the Court is directed to send Mr. Rivera a copy of the docket sheet along with a copy of this Order.

It is so ordered this 30th day of March, 2024.

Kristine G. Baker
Chief United States District Judge